FARMER, J.
We reverse the trial court’s judgment in favor of the seller in this action to recover an earnest money deposit under a contract for the sale of commercial realty. We conclude that the trial court erred in its reading of the contract.
Allan Kern entered into a contract to purchase commercial property from seller. Paragraph 9 of the original contract provided: “in the event any condition [e.s.] of this Contract is not met ... Buyer’s deposit will be returned in accordance with applicable Florida laws and regulations.” Later Kern assigned his contract rights as buyer to appellant (buyer). Buyer and seller then modified the contract with the First Addendum, providing that the parties would share evenly the cost of an environmental study. Two weeks later, they again modified the contract. The Second Addendum stated the following provisions:
1) The following Second Addendum is hereby made a part of and is specifically incorporated into the ... contract.
2) The closing is contingent upon a clear Phase I Environmental study.
3) The closing is contingent upon the Seller conveying marketable title to the Buyer.
4) The closing is contingent upon the Seller providing tenant estoppel letters to the Buyer.
5) In the event the closing does not occur before May 1, 2005, the parties herein agree that the $20,000 deposit shall be paid directly to the Seller in liquidated damages, and the parties shall be further relieved of any and all duties and liabilities under, the contract and addendums thereto and the contract shall be terminated.
6) In the event the closing does not occur before May 1, 2005, due to the Seller’s failure to perform its duties and responsibilities under the contract and addendums thereto, the buyer shall be refunded his $20,000 deposit forthwith, and the parties shall be further relieved of any and all duties and liabilities under *827 the contract and addendums thereto and the contract shall be terminated, [e.s.]
The Second Addendum goes on to provide that any conflicts between it and the contract are governed by the Second Addendum. The completed environmental study ultimately revealed petroleum contamination.
We reject Seller’s trial court argument — repeated on appeal — that the Second Addendum completely eliminated the general default provision in paragraph 9 of the original contract. As the first paragraph of the Second Addendum makes clear, its provisions are incorporated into and made a part of the original contract, not a substitution for it. The Second Addendum does not provide that paragraph 9 is deleted and replaced by its provisions. A clear environmental study is a condition of the contract as amended by the Second Addendum. The existence of a clear environmental study was thus made a condition — a prerequisite — to the seller’s right to a closing and, thereby, any right to keep the deposit if Buyer failed to close in spite of it.
Seller argues that under the Second Addendum he had only two “affirmative” obligations before closing: marketable title and estoppel letters. The condition requiring a clear environmental study, he contends, is not an “affirmative” condition requiring him to do anything; his only obligation concerning the environmental study was to bear half its costs, which he did. He had no control, he says, over the outcome of the study. Seller contends that the Second Addendum thus gave the buyer the right not to close if the environmental study was not clear but only at the cost of forfeiting the deposit.
We disagree. Seller’s problem is that the contract nonetheless required as a condition of his right to go forward with closing that the property be reported as environmentally “clear.” The plain meaning of this term is that the property not be environmentally contaminated. This is not unlike the companion requirement that title be “marketable” by which it is meant that title be “clear.”[1] Even though Seller may have conceivably been able to clear up a particular title problem affecting marketability but not to remove certain environmental contamination, nevertheless both were conditions Seller must show had been satisfied before he can fault buyer for refusing to close on a purchase of uncontaminated property.
Buyer is entitled to recover the deposit and his fees incurred in the effort.

Reversed.

GUNTHER and MAY, JJ., concur.

. Except for the ordinary and usual exceptions common to property of its kind and location.